USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESTATE OF DAVID MANCUSO, by and through its duly appointed Administrator, RICHARD D. HORSTMAN II,

               Plaintiff,

    v.

THE LOFT PARTY NYC, LLC, a New York limited liability company, and DOUGLAS SHERMAN, an individual,

               Defendants.

---

Case No. 1:25-cv-05537-VEC

STIPULATION AND
PROTECTIVE ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS the Parties, through counsel, agree to the following terms; and

WHEREAS this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms:

1.    With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.    The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential ("Confidential Discovery Material") material that it reasonably and in good faith believes: (a) comprises or contains information constituting or relating to sensitive business, financial, or commercial information that is not publicly available; (b) that reveals trade secrets; (c) that provides a commercial advantage to its possessor; (d) that contains sensitive or personally identifiable information of a natural person; (e) that contains personnel or employment records of a person who is not a party to the case; and/or (f) that the disclosure of which to persons other than those set forth in Paragraph 8 below would create a risk of harm that could not be avoided by less restrictive means, and may include, without limitation:

(a)    previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)    previously non-disclosed material relating to ownership or control of any non-public company;

(c)    previously non-disclosed business plans, product-development information, or marketing plans;

(d)    any information of a personal or intimate nature regarding any individual; or

(e)    any other category of information this Court subsequently affords confidential status.

3.    A Producing Party may designate Discovery Material as "Attorneys' Eyes Only" ("AEO Discovery Material") that it reasonably and in good faith believes comprises or contains information that is highly confidential or highly sensitive, including but not limited to: (a) current or future business strategies or other strategic planning information; (b) technical information, pricing and revenue information and other sensitive financial data or business information, including proprietary authentication practices; (c) research and development information; (d) information that reveals trade secrets; (e) customer information including lists of customers; (f) consignor information including lists of consignors; or (g) proprietary software, systems, or processes, the disclosure of which to persons other than those set forth in Paragraph 9 below the Producing Party reasonably and in good faith believes would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing a redacted version of the Discovery Material for public filing, with the confidential information removed.

5.    A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate

3

volume and mark it as "Confidential Information Governed by Protective Order" and/or

"Attorneys' Eyes Only Information Governed by Protective Order," respectively; or (b) notifying

the reporter and all counsel of record, in writing, within 30 days after receipt of the transcript and

in no event more than 45 days after a deposition has concluded (the "grace period"), of the

specific pages and lines of the transcript that are to be designated "Confidential" or "Attorneys'

Eyes Only," respectively, in which case all counsel receiving the transcript will be responsible

for marking the copies of the designated transcript in their possession or under their control as

directed by the Producing Party or that person's counsel. During the grace period following a

deposition, all Parties will treat the entire deposition transcript as if it had been designated

Attorneys' Eyes Only.

6.      If at any time before the trial of this action a Producing Party realizes that it

should have designated as Confidential or Attorneys' Eyes Only some portion(s) of Discovery

Material that it previously produced without limitation, the Producing Party may so designate

such material by so apprising all prior recipients in writing (by e-mail). Thereafter, this Court

and all persons subject to this Order will treat such designated portion(s) of the Discovery

Material as Confidential or Attorneys' Eyes Only, respectively.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or

person of its right to object to any discovery request; (b) a waiver of any privilege or protection;

or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Discovery Material designated as Confidential may be disclosed only to the

following persons:

      (a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action;

(i)     this Court, including any appellate court, its support personnel, and court reporters; and

(j)     any other person agreed to in writing by the Parties or ordered by the Court.

9.     Discovery Material designated as Attorneys' Eyes Only may be disclosed only to the following persons:

(a)     outside counsel of the Parties retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(c)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)     as to any document, its author, its addressee, and any other person who lawfully received a copy of such document other than through discovery in the context of this lawsuit;

(e)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person is not a competitor of the other Party and has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions the Parties conduct in this action;

(g)   this Court, including any appellate court, its support personnel, and court reporters; and

(h)   any other person agreed to in writing by the Parties or ordered by the Court.

10.   Before disclosing any Confidential or AEO Discovery Material to any person referred to in subparagraphs 8(d), 8(f), 8(g), 9(c), or 9(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.   In accordance with Rule 5(B) of this Court's Individual Practices, any party filing documents under seal for reasons other than Rule 5.2(a) of the Federal Rules of Civil Procedure must simultaneously file with the Court a letter motion requesting permission to do so. The letter motion must also explain why sealing is appropriate in light of the presumption of access discussed in the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The letter must also indicate whether the opposing party consents to the proposed sealing or redaction. If a request to file a redacted document is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request to file the material in redacted form. Unless a party seeks to file a redacted or sealed document *ex parte*, opposing counsel must have access to all communications with the Court. Documents to be filed under seal must be filed in accordance with Rule 5(B)(iii) of the Court's Individual Practices.

12. In filing Confidential or AEO Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or AEO Discovery Material ("Confidential Court Submission"), the filing Party must comply with the procedures in Rule 5 of the Court's Individual Practices. The filing Party shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission as required by Rule 5 of the Court's Individual Practices.

13. Any Party who objects to any designation of confidentiality or attorneys' eyes only may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The Producing Party shall advise in writing, not later than seven (7) days after the date of the objecting Party's written notice, whether it withdraws or maintains the objected-to designation. Thereafter, if the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3(B) of this Court's Individual Practices.

14. Any Party who requests additional limits on disclosure, may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 3(B) of this Court's Individual Practices.

15. Recipients of Confidential or AEO Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and

not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.    Nothing in this Order will prevent any Party from producing any Confidential or AEO Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction. Such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.    Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.    If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work-product material does not waive any privilege or protection in this action or any other federal or state proceeding.

19.    Subject to the provisions of paragraph 21 below, if a Producing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five (5) business days of such

9

claim, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20.    Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21.    The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as grounds for entering such an Order the fact or circumstances of the inadvertent production.

22.    The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

23.    Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential and/or AEO Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or AEO Discovery Material. Any such archival copies that contain or constitute Confidential or AEO Discovery Material remain subject to this Order.

24.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or AEO Discovery Material is produced or disclosed.

25.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.


SO STIPULATED AND AGREED.


Dated: December 1, 2025                              Dated: December 1, 2025

WOMBLE BOND DICKINSON (US) LLP        MITCHELL SILBERBERG & KNUPP LLP


By: /s/ Joseph A. Patella                             By: /s/ Samantha W. Frankel
    Joseph A. Patella (Joseph.Patella@wbd-            Eleanor M. Lackman (eml@msk.com)
    us.com)                                           Samantha W. Frankel (swf@msk.com)
    888 Seventh Avenue, 38th Floor                    437 Madison Ave., 25th Floor
    New York, NY 10106                                New York, New York 10022-7001
    Telephone: (332) 258-8483                         Telephone: (212) 509-3900
    Facsimile:                                        Facsimile: (212) 509-7239

    *Attorneys for Defendants The Loft Party*          *Attorneys for Plaintiff Estate of David*
    *NYC, LLC and Douglas Sherman*                     *Mancuso, by and through its*
                                                       *Administrator, Richard D. Horstman II*


SO ORDERED.


Dated:    December 3, 2025
          New York, NY


_____
       VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE


11