

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Samantha W. Frankel
Attorney-at-Law
(917) 546-7723 Phone
swf@msk.com

April 17, 2026

**VIA ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _4/21/2026___

Hon. Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:     Estate of David Mancuso v. The Loft Party NYC, LLC, et al., No. 1:25-cv-05537-VEC – Letter Motion to Seal**

Dear Judge Caproni:

We are counsel for Plaintiff Estate of David Mancuso (the "Estate") in the above-captioned action.  Pursuant to Rule 5(B)(ii)-(iii) of the Court's Individual Practices and paragraphs 11 and 12 of the Stipulation and Protective Order (ECF 48), Plaintiff respectfully requests leave to file under seal the unredacted versions of certain exhibits to the declarations submitted in support of Plaintiff's Motion for Summary Judgment, and to publicly file redacted versions of a limited subset of those exhibits.  This request is narrowly tailored and made in light of the presumption of public access recognized in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Plaintiff's request is in two parts.

First, Plaintiff independently seeks limited redactions as to Exhibits A and B to the Declaration of Elyse Stefanishin dated April 17, 2026.  This is because those exhibits contain private nonparty information, including contact information, as well as guest-identifying, payment, and refund information.  The requested redactions are narrowly tailored to names, addresses, telephone numbers, email addresses, and identifying payment details of nonparties.  The Protective Order expressly contemplates confidential treatment for "sensitive or personally identifiable information of a natural person" and "customer information including lists of customers."  Plaintiff therefore respectfully requests leave to file public redacted versions of those exhibits and unredacted versions under seal.

Second, a larger set of documents potentially requiring redaction or sealing consists of the following:

- Exhibits E, F, and G to the Declaration of Richard D. Horstman II dated April 17, 2026

- Exhibits 1, 16, 18, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 50, 51, 52, 55, 56, and 57 to the Declaration of Samantha Frankel dated April 17, 2026

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



Hon. Valerie E. Caproni, U.S.D.J.
April 17, 2026
Page 2

These exhibits consist of documents and communications produced by Defendants and designated confidential by Defendants in discovery.  Defendants designated their entire production as "Confidential" under the Protective Order.  Plaintiff understands that Rule 5(B)(ii) and paragraph 11 of the Protective Order contemplate that, where a request to redact is based on another party's confidentiality designation, the parties shall confer and jointly submit a request to file the material in redacted form.  Because of the breadth of Defendants' confidentiality designations and the filing deadline, however, the parties have not yet completed that exhibit-by-exhibit process.  Plaintiff therefore respectfully seeks leave to file those exhibits under seal on an interim basis pending conferral regarding the scope of any asserted confidentiality.  Plaintiff will promptly confer with Defendants and, once the scope of any remaining confidentiality is clarified, file public or redacted versions as appropriate, or otherwise proceed as the Court directs.

This request is limited to declaration exhibits.  Plaintiff is not seeking to seal its memorandum of law or declarations themselves.

Accordingly, Plaintiff respectfully requests leave (i) to file public redacted versions and sealed unredacted versions of the limited subset of exhibits containing private nonparty information, and (ii) to file under seal on an interim basis the unredacted versions of the remaining declaration exhibits designated confidential by Defendants, subject to prompt conferral and refiling of public or redacted versions as appropriate.

Sincerely,


/s/ Samantha Frankel
Samantha W. Frankel
Attorney-at-Law for
MITCHELL SILBERBERG & KNUPP LLP

Plaintiff may redact the private nonparty information, as described, in Exhibits A and B to the Declaration of Elyse Stefanishin dated April 17, 2026.

Proposed redactions to the larger set of declaration exhibits designated confidential by Defendants must be submitted to the Court **no later than May 26, 2026**.  Future sealing requests may not be considered if they are not submitted contemporaneously with the relevant briefing.

SO ORDERED.                            4/21/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

21561059.1