

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Samantha W. Frankel
Attorney-at-Law
(917) 546-7723 Phone
swf@msk.com

May 26, 2026

**MEMO ENDORSED**

**VIA ECF**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/27/2026___

Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**  *Estate of David Mancuso v. The Loft Party NYC, LLC, et al.*, **Case No. 1:25-cv-05537-VEC – Letter Motion to Redact Summary Judgment Exhibits**

Dear Judge Caproni:

We represent Plaintiff Estate of David Mancuso (the "Estate") in the above-captioned action. Pursuant to Rules 5(B)(ii) and 5(B)(iii) of the Court's Individual Practices in Civil Cases, paragraphs 11 and 12 of the Stipulation and Protective Order (ECF No. 48), and the Court's April 21, 2026 Order (ECF No. 72), Plaintiff respectfully submits this letter motion regarding proposed redactions to certain declaration exhibits submitted in support of Plaintiff's Motion for Summary Judgment.

The Court previously granted Plaintiff leave to file under seal, on an interim basis, certain declaration exhibits that Defendants designated "Confidential" in discovery, pending the parties' conferral regarding the scope of any asserted confidentiality.  *See* ECF No. 72.  The Court directed that proposed redactions to the larger set of declaration exhibits designated confidential by Defendants be submitted by May 26, 2026.  *Id*.

Plaintiff has conferred with Defendants regarding proposed redactions to the exhibits produced by Defendants and designated "Confidential."  The parties have agreed to the proposed redactions reflected in the public versions filed contemporaneously with this letter.  In accordance with Rule 5(B)(iii) of the Court's Individual Practices, Plaintiff is filing herewith: (i) sealed, unredacted versions of only those exhibits containing proposed redactions, with the proposed redactions highlighted; and (ii) a public set of all exhibits being refiled, with the agreed redactions applied where applicable.

Plaintiff is refiling Exhibits E, F, and G to the Declaration of Richard D. Horstman II dated April 17, 2026, and Exhibits 1, 16, 18, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 50, 51, 52, 55, 56, and 57 to the Declaration of Samantha W. Frankel dated April 17, 2026.  Exhibits 18, 20, 29, 50, and 51 to the Frankel Declaration do not require any redactions and are being refiled publicly only.  Plaintiff seeks approval for the proposed redactions in the remaining exhibits.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

21636478.1



Hon. Valerie E. Caproni
May 26, 2026
Page 2

The exhibits containing proposed redactions were submitted in connection with Plaintiff's motion for summary judgment.  Plaintiff therefore recognizes that they are judicial documents to which a presumption of public access attaches.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-21 (2d Cir. 2006).  That presumption, however, is not absolute.  The Court must balance the presumption of access against countervailing considerations, including privacy interests and "the degree to which the subject matter is traditionally considered private rather than public."  *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see also Lugosch*, 435 F.3d at 120.  Where the First Amendment right of access applies, redactions are appropriate if they are necessary to preserve higher values and are narrowly tailored to serve those interests.  *See Lugosch*, 435 F.3d at 120, 124.

That standard is satisfied here.  As explained below, the proposed redactions are limited to discrete personal contact information, private address information, tax identification information, private access information, and limited nonparty identifying information that is not necessary to the Court's resolution of Plaintiff's motion.  Public disclosure of that information would add little, if anything, to the public's understanding of the issues presented, while creating an unnecessary risk of intrusion on privacy interests or disclosure of sensitive identifying or access information.  The public versions preserve the substance of the exhibits and the information necessary to understand the evidence on which Plaintiff relies.

The proposed redactions are therefore narrowly tailored and fall into the following categories.

*First*, Plaintiff proposes to redact personal contact information appearing in email headers, signature blocks, and correspondence.  These redactions appear in Exhibits E, F, and G to the Horstman Declaration and Exhibits 1, 16, 22, 23, 24, 27, 28, 30, 31, 32, 33, 34, 35, 38, 52, 55, 56, and 57 to the Frankel Declaration.  The redactions are limited to personal email addresses, personal telephone numbers, and similar contact information of parties and nonparties.  They do not obscure the senders, recipients, dates, subjects, or substance of the communications necessary to understand the exhibits.  Courts in this District routinely permit such redactions where, as here, the contact information is not material to the issues before the Court.  *See, e.g.*, *Delgado v. Donald J. Trump for President, Inc.*, 2025 WL 2636259, at *17 (S.D.N.Y. Sept. 11, 2025) (permitting redaction of "personal home addresses, email addresses, and cellphone numbers" where "none … [were] relevant to the motions before the Court"); *Farris v. Avon Prods., Inc.*, 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024) (recognizing that sealing personal information such as home addresses, personal phone numbers, and email addresses is ordinarily warranted where the information is not public and has no bearing on issues before the court).

*Second*, Plaintiff proposes to redact personal residential addresses and similar private address information in Exhibits 21 and 35 to the Frankel Declaration.  These redactions are limited to private address information that is not material to the issues presented by the motion.  They do not obscure the substance of the documents on which Plaintiff relies. Such redactions are appropriate to protect personal privacy interests.  *See Delgado*, 2025 WL 2636259, at *17; *Farris*, 2024 WL 4441811, at *4.

21636478.1



Hon. Valerie E. Caproni
May 26, 2026
Page 3

***Third***, Plaintiff proposes to redact tax identification information in Exhibit 36 to the Frankel Declaration, specifically the Employer Identification Number appearing in the LLC and IRS materials.  The EIN is not necessary to understand the LLC formation materials or any substantive fact for which the exhibit is offered.  Redaction of that identifying number is consistent with the privacy and anti-fraud concerns underlying Federal Rule of Civil Procedure 5.2 and with decisions permitting redaction of sensitive identifying information.  *See* Fed. R. Civ. P. 5.2(a)(1); Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 446-47 (E.D.N.Y. 2016), *aff'd in part*, *vacated in part*, *and remanded*, 676 F. App'x 51 (2d Cir. 2017).

***Fourth***, Plaintiff proposes to redact a nonpublic Zoom meeting link appearing in Exhibit 30 to the Frankel Declaration.  The redaction is limited to the URL and embedded meeting access information; the surrounding email, including the sender, recipients, date, subject, and substance of the communication, remains public.  The link has no bearing on the issues presented by the motion, and public disclosure could permit unauthorized access to, or disruption of, meetings if the link remains active.  *See Raanan v. Binance Holdings Ltd.*, 2026 WL 181579, at *3 (S.D.N.Y. Jan. 22, 2026) (permitting redaction of a password used to access produced documents).

***Fifth***, Plaintiff proposes limited redactions of nonparty identifying information in Exhibits 33, 34, and 55 to the Frankel Declaration.  These redactions are limited to the identities of nonparties referenced in email chains or correspondence whose identities are not necessary to understand the exhibits or the parties' summary judgment arguments.  The redactions do not obscure the substance of the evidence.  Courts in this District recognize that nonparties may have significant privacy interests in identifying information that has no bearing on the merits.  *See In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (granting redactions of "the names, job titles and e-mail addresses" of nonparty employees where the information had "no apparent bearing on any issue in this dispute" and the employees' privacy interests outweighed the presumption of public access); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (permitting redaction of nonparty employees' email addresses because that information was "not relevant to the adjudication of the motions at hand" and because of "the significant privacy interests of non-parties").

Accordingly, Plaintiff respectfully requests that the Court approve the proposed redactions reflected in the public versions filed contemporaneously with this letter, permit those redacted public versions to remain on the docket, and maintain under seal the corresponding unredacted highlighted versions of the exhibits containing proposed redactions.

Respectfully submitted,


/s/ Samantha W. Frankel
Samantha W. Frankel
Attorney-at-Law for
MITCHELL SILBERBERG & KNUPP LLP

21636478.1

Application GRANTED.  The proposed redactions are approved.  The redacted versions may remain on the docket, and the unredacted versions of the exhibits may remain under seal.

SO ORDERED.                 5/27/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE