

## MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Samantha W. Frankel
Attorney-at-Law
(917) 546-7723 Phone
swf@msk.com



June 26, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __6/29/2026__

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   ***Estate of David Mancuso v. The Loft Party NYC LLC et al.*, Case No. 1:25-CV-05537-VEC – Letter Motion to Seal and Redact Exhibits to Plaintiff's Opposition to Defendants' Cross Motion for Partial Summary Judgment and Reply in Further Support of Plaintiff's Motion for Summary Judgment**

Dear Judge Caproni:

We represent Plaintiff the Estate of David Mancuso in the above-captioned action. Pursuant to Rule 5.B of Your Honor's Individual Practices in Civil Cases and paragraphs 11 and 12 of the Stipulation and Protective Order (Dkt. 48), Plaintiff respectfully submits this letter motion, with Defendants' consent, for leave to file limited redacted public versions of Exhibits 64, 65, 67-74, 76-83, 85, and 87-90 to the Declaration of Samantha W. Frankel submitted in support of Plaintiff's Opposition to Defendants' Cross-Motion for Partial Summary Judgment and Reply in Further Support of Plaintiff's Motion for Summary Judgment. Plaintiff is also filing under seal the corresponding unredacted versions of those exhibits, with the proposed redactions highlighted where applicable.

Plaintiff is not seeking to seal or redact all exhibits to the Frankel Declaration. Exhibits 59-63, 66, 75, 84, and 86 are being filed publicly without sealing or redaction.

The materials at issue consist of excerpts from documents produced in this action by Defendants, Plaintiff, and a nonparty. The financial and tax materials were produced by Defendants and include documents designated Confidential or Attorneys' Eyes Only in discovery. The parties conferred regarding proposed redactions and sealing, and Defendants consent to the relief requested in this letter. Plaintiff is filing publicly the redacted versions of the affected exhibits and, as documents related to this letter motion, the unredacted versions under seal.

In accordance with Rule 5.B of Your Honor's Individual Practices, Plaintiff is filing publicly this letter motion and the redacted versions of Exhibits __ and __.  Plaintiff is also filing under seal, as documents related to this letter motion, unredacted versions of Exhibits __ and __ with the proposed redactions highlighted.  Plaintiff respectfully requests that the highlighted unredacted versions remain under seal.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: www.msk.com



Plaintiff recognizes that materials filed in connection with motion practice may be judicial documents to which a presumption of public access attaches. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-21 (2d Cir. 2006). That presumption, however, is not absolute. The Court must balance the presumption of access against countervailing considerations, including privacy interests and the need to protect confidential business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *Lugosch*, 435 F.3d at 120. Where the First Amendment right of access applies, redactions are appropriate if they are necessary to preserve higher values and are narrowly tailored to serve those interests. *See Lugosch*, 435 F.3d at 120, 124.

The proposed redactions are narrowly tailored and fall into three categories.

*First*, Exhibits 87 through 90 include nonpublic financial, accounting, banking, tax, revenue, gross-receipts, attendance, expense, and internal business information concerning The Loft Party NYC, LLC. Exhibit 71 also includes financial statements and expense records. Defendants have designated or identified this information as confidential business information. The proposed redactions are limited to nonpublic financial details, including tax information, bank or account-related information, revenue and expense details, internal accounting entries, and other financial information that Defendants contend is confidential and competitively sensitive. Courts in this Circuit permit limited sealing or redaction of nonpublic financial information where disclosure could reveal confidential business operations and the precise details are not necessary to resolution of the motion. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Nervora Fashion, Inc. v. Advance Mag. Publishers Inc.*, 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025); *Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020).

*Second*, certain tax documents and financial records include taxpayer identification information, including The Loft Party NYC, LLC's Employer Identification Number, and account-related identifying information. That information is not necessary to understand the factual points for which the exhibits are submitted, and redaction is consistent with the privacy and anti-fraud concerns underlying Federal Rule of Civil Procedure 5.2. *See* Fed. R. Civ. P. 5.2(a)(1), (4*); Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 446-47 (E.D.N.Y. 2016), *aff'd in part*, *vacated in part, and remanded*, 676 F. App'x 51 (2d Cir. 2017).

*Third*, Exhibits 64, 65, 67 through 74, 76 through 83, 85, and 88 include personal email addresses and other contact information of parties, nonparties, and individuals involved in historical Loft communications. These redactions are limited to contact information and do not obscure the sender or recipient names, dates, subjects, attachments, or substantive communications needed to understand the documents. Courts in this District routinely permit redaction of personal contact information where, as here, the information is not material to the issues before the Court. *See Delgado v. Donald J. Trump for President, Inc.*, 2025 WL 2636259, at *17 (S.D.N.Y. Sept. 11, 2025); *Farris v. Avon Prods., Inc.*, 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024).



The requested sealing and redactions are no broader than necessary. Plaintiff is filing public redacted versions of the affected exhibits and seeks to maintain under seal only the corresponding unredacted versions. The redactions do not obscure the substantive evidence necessary to understand Plaintiff's arguments, except to the limited extent necessary to protect private identifying information, personal contact information, and Defendants' nonpublic financial and tax information.

Accordingly, Plaintiff respectfully requests that the Court approve the proposed redactions to the extent Court approval is required, permit the public redacted versions of Exhibits 64, 65, 67 through 74, 76 through 83, 85, and 87 through 90 to remain on the docket, and maintain under seal the corresponding unredacted versions.

Respectfully submitted,


/s/ Samantha W. Frankel
Samantha W. Frankel
Attorney-at-Law for
MITCHELL SILBERBERG & KNUPP LLP

Application GRANTED.

SO ORDERED.                    6/29/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE